UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

            Plaintiff,

     v.

LEE FARLEY,

            Defendant.

Case No. 15-cr-00092-TEH

**ORDER ON MOTIONS *IN LIMINE***

The Government and Defendant Lee Farley submitted simultaneous motions *in limine* on October 19, 2015. (Docket Nos. 39, 41). The Parties timely responded on October 26, 2015. (Docket Nos. 53, 55). The Court heard limited oral argument at the pre-trial conference on November 2, 2015. Having carefully considered the Parties' written and oral arguments, the Court hereby GRANTS IN PART AND DENIES IN PART the motions *in limine* as set forth below.

**BACKGROUND**

As the Parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts. On May 16, 2013, San Francisco Police Department ("SFPD") Officer McLaughlin responded to a silent alarm at the residence of 935 Holloway Avenue in San Francisco ("the residence"). When Officer McLaughlin entered the residence, he observed an unknown male at the top of a staircase standing near a black duffle bag, who ran into the upstairs portion of the residence. Defendant Lee Farley then walked into the living room carrying a blue backpack. When Defendant saw Officer McLaughlin, he ran, and was chased by the officer, through the house and out into the backyard, and through neighboring backyards. During the chase, Officer McLaughlin saw the blue backpack Defendant had been carrying on the floor of the dining room. SFPD Officers eventually located Defendant in a nearby backyard and placed him under

arrest.  The blue backpack contained items that belonged to the owners of the residence, but that they had not placed in the backpack, including various electronics, marijuana, and a Taurus semi-automatic pistol.   Defendant pleaded guilty to the burglary on November 7, 2014, in state court.

On January 15, 2015, while on patrol, SFPD Sergeants Do and Griffin, saw Defendant and his brother outside the Hayes Valley South Housing Projects.  Knowing Defendant was on parole, the sergeants ran Defendant's name through the SFPD database and saw that he had an outstanding parole violation.  The sergeants took Defendant into custody and seized his cell phone.  After booking Defendant, SFPD officers found a series of text messages on the cell phone from January 12 and 13, 2015 relating to the trading and/or purchasing of firearms.

Defendant has been charged with three counts in the superseding indictment.  Count One charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Count Two charges Defendant with being in possession of a stolen firearm in violation of 18 U.S.C. § 922(j).  Count Three charges Defendant with conspiracy to engage in the business of dealing firearms without a license in violation of 18 U.S.C. § 371.  As explained in more detail below, the Court is severing Counts One and Two from Count Three to prevent prejudice from improper joinder.  The trial for Counts One and Two will begin on November 17, 2015.

**DISCUSSION**

**I.    Counts One and Two Shall Be Severed From Count Three (Defendant's motion *in limine* No. 9).**

Defendant seeks to sever Counts One and Two from Count Three on two grounds: (1) that the Counts were misjoined by the Government in the first place; and, even if the counts were properly joined, (2) that severance is necessary to prevent manifest prejudice to the Defendant.

United States District Court
Northern District of California

**A.      Defendant did not meet the high burden of "manifest prejudice"**

The Federal Rules allow a court to sever counts in an indictment where the joinder of offenses "appears to prejudice a defendant…."  Fed. R. Crim. P. 14(a).  To prevail on a motion to sever solely on the basis of prejudice, a defendant must show that joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever."  *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1982).  Because "some prejudice is inherent in any joinder[,]" a defendant must show something more than simple prejudice.  *United States v. Vaccaro*, 816 F.2d 443, 448-49 (9th Cir. 1987); *see also Zafiro v. United States*, 506 U.S. 534, 540 (1993) ("It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.").  "The prejudice must have been of such a magnitude that the defendant's right to a fair trial was abridged."  *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).

Nonetheless, there are three kinds of prejudice that may arise out of a joinder of offenses, and are considered in a motion to sever: (1) "the jury may consider that the defendant must be bad" because he is charged with numerous counts; (2) "inadmissible proof of one offense may be admissible through a joined offense"; and (3) "the defendant may wish to testify on one count but not another."  *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975).

In briefing and oral argument at the pre-trial conference, Defense counsel argued that Defendant could be testifying as to the fact that he did not have "knowing possession" of the firearm, but that Defendant would not testify in Count Three in order to avoid his prior convictions being admitted as impeachment evidence.  However, the Ninth Circuit has stated that if a defendant wishes to sever counts on the basis of wishing to testify on some counts and not others, the defendant must show (1) that he has important testimony to give on some counts; and (2) a strong need to refrain from testifying on the counts he wishes to have severed.  *Nolan*, 700 F.2d at 483.  Here, Defendant has not met this standard.  Merely naming testimony that he *may* provide does not establish the importance

3

of such testimony, and "protecting the defendant's right to testify selectively does not constitute a strong reason to refrain from testifying." *Ward v. Schriro*, 148 Fed Appx 610, 612 (9th Cir. 2005).

"The defendant has the burden of proving that the joint trial was manifestly prejudicial." *Lewis*, 787 F.2d at 1321. For the reasons stated above, Defendant has not met the high burden of showing "manifest prejudice." However, the Court may still sever the counts if they were not properly joined in the first place.

### B.    Counts One and Two were improperly joined with Count Three.

To determine whether counts should be severed based on misjoinder, a court must first determine whether the counts were properly joined. Two offenses may be joined in an indictment under Federal Rule of Criminal Procedure 8(a) "if the offenses charged … are of the same or similar character or based on the same act or transaction or one two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In this case, the Government's basis for joinder was that the offenses are of the same or similar character, because they involve "similar conduct involving the possession of firearms." Gov.'s Opp'n at 12. Indeed, if charged offenses are "of like class or category, although not connected temporally or evidentially," joinder is proper under Rule 8(a). *United States v. Turner*, 93 F.3d 276, 283 (7th Cir. 1996) (internal citations omitted).

The Ninth Circuit has identified several factors which are appropriate in considering the similarity of offenses, including "elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). The Court weighs the factors according to the specific context of the case. *Id.*

Applying this inquiry to the instant case, very few factors support the Government's contention that the offenses are of the "same or similar character." First, the elements of

4

the statutory offenses are distinct.  Counts One and Two require that the Government prove knowing possession of a gun, and that Defendant was a felon at the time of possession (in the case of Count One), or that the Defendant knew or should have known that the gun was stolen (in the case of Count Two).  Count Three requires that the Government prove an agreement between two people to sell or exchange firearms without a license, and an overt act in furtherance of the conspiracy.  Likewise, Counts One and Two involved victims – the owners of the residence – whereas there was no such victim of the conspiracy in Count Three.

Second, there is a lack of temporal and physical proximity between Counts One and Two and Count Three.  The offenses occurred twenty months apart, and while they both occurred in San Francisco, they occurred in different neighborhoods in the city.  As in *Jawara*, "the lack of any temporal connection is all the more significant because the counts do not stem from common events."  *Id.* at 578-79.

Third, there is hardly any overlap in the evidence or modus operandi of the crimes.  When joined offenses are not connected and not provable by the same evidence, joinder is improper.  *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978).  The Government contends that because Federal Rule of Evidence 404(b) evidence may be admissible as to all of the counts, the witnesses presenting such criminal history evidence would be the same.  However, this is not the type of evidentiary overlap comprehended by the *Jawara* Court.  No evidence or witnesses as to the actual offenses in the indictment overlap.  *See United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) (joinder appropriate where "there is a large area of overlapping proof").  Similarly, the modi operandi of the offenses are distinctly different.  *Cf. United States v. Johnson*, 820 F.2d 1065, 1069-70 (9th Cir. 1987) (similarity of robberies' modi operandi, where robber requested change for $5 bill before demanding money, "helped identify the robber").

Finally, the Government could not argue that there is "overwhelming" evidence of guilt on Count Three.  Out of the ten witnesses that the Government anticipates calling for a joint trial, only two witnesses are anticipated to testify as to Count Three.  Ex. A to Trial

United States District Court
Northern District of California

Brief at 2-3 (Docket No. 48-1).  Out of the 48 exhibits proposed by the Government, only three pertain to the Count Three.  Ex. B. to Trial Brief at 12 (Docket No. 48-2).  The lopsided nature of the evidence as to the different counts would make it easy to allow the jury to depend on evidence for Counts One and Two in deciding Count Three.

The Court next considers the likelihood of prejudice as a result of misjoinder.  Misjoinder is reversible only if "the misjoinder results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury's verdict."  *United States v. Lane*, 474 U.S. 438, 449 (1986).

In *Lane*, the Court determined that misjoinder did not have "substantial and injurious effect" because of a variety of factors, including overwhelming evidence of guilt, the presence of a proper limiting instruction, and the likelihood that evidence would have been admissible in the misjoined count under Federal Rule of Evidence 404(b).  *Id.* at 450.  Similarly in *Jawara*, the Court found a lack of prejudice because the presence of a limiting instruction militated against a finding of prejudice, the evidence of guilt was overwhelming as to both counts, and the jury was not likely to confuse the evidence.  *Jawara*, 474 F.3d at 580-81.

Here, while the Court could read a limiting instruction to the jury, such as the Ninth Circuit Model Criminal Jury Instruction 3.11[1], the Ninth Circuit has expressed skepticism as to the efficacy of such instructions in cases where a single defendant is charged with multiple counts.  *Lewis*, 787 F.2d at 1323.  This is especially true in cases where, as here, evidence of prior convictions is admissible for one count but not the other.  *Id.*  The Third Circuit has advised:

> [I]n ruling on a pre-trial motion to sever, the district court should determine whether evidence of the prior convictions would be independently admissible on the other counts.  If it is determined that the convction would not be admissible on the other counts … then severance should be granted.

---

[1] "A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count."  Model Crim. Jury Instr. 9th Cir. 3.11 (2010).

*United States v. Busic*, 587 F.2d 577 (3d. Cir. 1978), *rev'd on other grounds*, 446 U.S. 398 (1980).  Here, while the jury will undoubtedly be exposed to the fact that Defendant is a convicted felon in Count Three (through Defendant's parole status), the fact that the prior crimes involved firearms – and even more, the details of the burglary, which are necessary for Counts One and Two – would not be admissible in Count Three.  The danger that evidence pertaining to one count could "spill over" into the jury's consideration of another count is known as the "spillover effect," and the Ninth Circuit has acknowledged that felon in possession cases are especially vulnerable to prejudice from the "spillover effect." *Lewis*, 787 F.2d at 1323 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities.") (citing *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)).

For these reasons, and because the Court has determined that the evidence does not overlap to the extent that having two separate trials would result in judicial inefficiency, Defendant's ninth motion *in limine* is GRANTED, and Counts One and Two shall be severed from Count Three.  Counts One and Two shall be tried beginning on November 17, 2015, and after that trial is complete, the Court will set the schedule for a trial on Count Three as necessary.

## II.    Inextricably Intertwined Evidence is Admissible under Fed. R. Evid. 404(b) (Government's motion *in limine* No. 1)

The Government seeks to introduce evidence that is "inextricably intertwined" with the charged offenses: (1) evidence of the facts and circumstances of the May 2013 burglary and subsequent guilty plea; and (2) evidence that Defendant was on parole on January 15, 2015.  As discussed below, the Court finds that this evidence is admissible, but only to its respective Counts.

Federal Rule of Evidence 404(b) renders inadmissible "[e]vidence of a crime, wrong or other act" to prove the character or criminal propensity of a defendant.  However,

such evidence is allowed if offered "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.*  For other acts evidence to be admitted for these purposes, it must: (1) tend to prove a material point; (2) not be too remote in time; (3) be based upon sufficient evidence; and (4) (in some cases) be similar to the offense charged.  *United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008).  "Even if the proffered evidence satisfies these requirements, the district court should decline to admit it if its probative value is substantially outweighed by the danger of unfair prejudice."  *Id.* (quotation marks omitted).  In other words, analysis under Federal Rule of Evidence 404(b) requires a Federal Rule of Evidence 403 analysis as well.

Rule 404(b) does not apply where the evidence introduced directly relates to, or is inextricably intertwined with, the crime charged.  *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).  Other act evidence may be "inextricably intertwined" with a charged crime where the evidence is "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995)).

Under the Federal Rules, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  All relevant evidence is admissible; evidence which is not relevant is not admissible.  Fed. R. Evid. 402.

The Federal Rules allow for the exclusion of even relevant evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "'Undue prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403 Advisory Comm. Notes.  "In reaching a decision whether to exclude on grounds of unfair prejudice,

consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." *Id.*

### A. The facts surrounding the burglary and the guilty plea are admissible as to Counts One and Two

The Government contends that the following evidence is inextricably intertwined and relevant to Counts One and Two: that the Defendant "burglarized [the residence] on May 16, 2013, fled from the police, and pleaded guilty to the burglary." Defendant does not oppose the admission of the facts surrounding the burglary, but opposes the use of the term "flee" when describing the events, and opposes admission of the guilty plea.

The Court finds that the facts of the burglary are necessary to allow the Government "to offer a coherent and comprehensible story of the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1013. However, the Court finds that the word "flee" may be prejudicial to the Defendant, and the facts surrounding the officers' chase of Defendant are easily expressed in a way that is limited to a description of the physical acts directly observed by the witness, without using the word "flee." The Court also finds that the Defendant's guilty plea, which resulted in his conviction, is necessary to present a coherent narrative. Any possible prejudice anticipated by the Defendant is minimized by the fact that the Parties are stipulating to Defendant's status as a felon, and is further minimized by the Court's severance of the counts, because the guilty plea will not be admissible as to Count Three. For these reasons, the Government's first motion *in limine* is GRANTED as to Counts One and Two, and evidence relating to the burglary is admissible to the extent described above, including omission of the word "flee."

### B. Defendant's parole status is admissible as to Count Three

The Court finds that Defendant's parole status is inextricably intertwined with the conspiracy charge such that the introduction of the evidence is relevant, and the probative value of the evidence outweighs the potential prejudice. In order to tell a coherent story as

United States District Court
Northern District of California

9

to Count Three, the Government will need to explain why police officers searched Defendant and his cell phone on January 15, 2015.  Defendant's parole status is the only reason the officers were able to legally search Defendant without a warrant.  Furthermore, given the fact that the Parties are stipulating to Defendant's prior conviction, the prejudicial effect of the jury finding out that Defendant was on parole is diminished by the fact that the jury will already know that Defendant was a convicted felon.  Therefore, the Government's first motion *in limine* is GRANTED as to Defendant's parole status, but the Court notes that the evidence is only admissible as to Count Three.

### III.    Defendant's Prior Act Evidence is Admissible in Part and Inadmissible in Part (Defendant's motion *in limine* No. 2)

Defendant seeks to prevent the Government from introducing evidence of (1) San Francisco Police Department (SFPD) Officer McLaughlin's prior contact with Defendant; (2) Defendant's parole status (including that Defendant had an outstanding warrant); (3) Defendant's prior conviction for first degree burglary; (4) Defendant's prior conviction for being a felon in possession of a firearm; and (5) Defendant's other felony convictions. Defendant contends that this evidence is inadmissible under Federal Rules of Evidence 404(b), 403, and 401.

### A.    SFPD Officer McLaughlin's Prior Contact with Defendant

Defendant seeks to "prevent the government from introducing evidence regarding Officer McLaughlin's prior contact with Mr. Farley."  However, Defendant does not specify as to what prior contact he is referring, or why the evidence would be irrelevant, prejudicial, or otherwise inadmissible.

The Government contends that evidence that Officer McLaughlin knew Defendant prior to the encounter at the burglary in May of 2013 is directly relevant to explain how Officer McLaughlin was able to identify the individual who dropped the backpack as Mr. Farley.  The Court finds that the evidence relating to Officer McLaughlin's knowledge of

United States District Court
Northern District of California

1    Defendant is inextricably intertwined with the story of the commission of the crime and

2    Officer McLaughlin's identification of Defendant, and is necessary to provide context and

3    coherence for the Government's factual narrative about the commission of the crime.

4    Without context, the jurors would be left to speculate as to how Officer McLaughlin was

5    able to identify Defendant after the chase after presumably only seeing him for a few

6    seconds in the living room of the residence, which would invite skepticism about the SFPD

7    officers' motives.

8        Therefore, in the absence of evidence as to unfair prejudice to Defendant, the Court

9    DENIES Defendant's second motion *in limine* as to Officer McLaughlin's prior contact

10   with Defendant.  The Court notes, however, that the Government need not go into detail as

11   to any of the circumstances surrounding the prior contacts, but is limited to what is

12   necessary to offer a coherent story and to refute any assertion that Officer McLaughlin's

13   identification of Defendant was faulty.

14

15       **B.    Defendant's Parole Status and Warrant**

16       Defendant contends that the introduction of evidence of Defendant's parole status

17   would be highly prejudicial and irrelevant, as Defendant will not be arguing the legality of

18   his detention and/or arrest before the jury.  Def.'s Mot. at 9-10.  Furthermore, Defendant

19   notes that the Parties have agreed to a stipulation of fact as to the prior conviction element

20   of Count One.[2]  *Id.* at 10.  The Government argues that Defendant's parole status is

21   inextricably intertwined with the charged crime, and is necessary in order to permit the

22   Government to offer a coherent story as to Count Three.  Gov.'s Opp'n at 3.

23       The Court considered the arguments relating to Defendant's parole status, *supra* in

24   Section II.B., with regard to the Government's first motion *in limine*.  For the same

25   reasons, the Court DENIES Defendant's second motion *in limine* regarding Defendant's

26   parole status.  The Government may introduce evidence that Defendant was on parole at

27   _____

28   [2] The Court notes that this argument is without bite given that the Court is severing Counts
     One and Two from Count Three.

11

United States District Court
Northern District of California

the time of his January 2015 arrest, but the Court notes that this ruling only pertains to Count Three.

### C.     Defendant's First Degree Burglary Conviction

Similarly to Defendant's parole status and Officer McLaughlin's prior contact with Defendant, Defendant's 2014 first degree burglary conviction is inextricably intertwined with the charged offenses, as it is the crime that Defendant was allegedly committing when he allegedly possessed the firearm at issue in Counts One and Two.  The probative value of the evidence of Defendant's first degree burglary conviction substantially outweighs the potential for prejudice, as analyzed in depth *infra* in Section V. regarding the Government's second motion *in limine*.  For these reasons, Defendant's second motion *in limine* is DENIED as to Defendant's first degree burglary conviction, but the Court notes that the evidence is only admissible as to Counts One and Two.

### D.     Defendant's Other Felony Convictions

Defendant contends that evidence of Defendant's other felony convictions – namely a 2012 conviction for second degree burglary, a 2010 conviction for possession of a controlled substance, a 2010 conviction for being a felon in possession of a firearm, and a 2007 conviction for possession of crack cocaine – are inadmissible under Fed. R. Evid. 404(b).  Def.'s Mot at 6-7.  The Government appears to concede that the 2012 burglary conviction and the two drug convictions are inadmissible by not opposing Defendant's motion as to those felonies,[3] but argues that evidence of the prior felon in possession conviction should be admitted to show knowledge, intent, and absence of mistake regarding the defendant's possession of the stolen firearm in the instant case.  Gov.'s

_____

[3] The Government notes, however, that the Government may wish to use all of the other prior convictions as impeachment evidence under Fed. R. Evid. 609 if Defendant testifies, to attack his credibility.  Because Defendant has not indicated whether he will testify, the Court will revisit the Parties' arguments on this issue if and when Defendant chooses to testify.

1    Opp'n at 5.  For reasons explained in more depth *infra* in Section IV. regarding

2    Government's motion *in limine* No. 9, the Court finds that the prejudicial effect of such

3    evidence substantially outweighs the probative value, and therefore GRANTS Defendant's

4    second motion *in limine* as to the prior felon in possession conviction.  The Court

5    GRANTS Defendant's second motion *in limine* as to the two drug offenses and the 2012

6    burglarly as unopposed.

7          For the reasons stated above, the Court GRANTS IN PART AND DENIES IN

8    PART Defendant's second motion *in limine*.

9

10   **IV.    Defendant's 2010 Felon in Possession Charge is Inadmissible (Government's**

11          **motion *in limine* No. 9)**

12          The Government seeks an order that Defendant's 2010 felony conviction is

13   admissible under Federal Rule of Evidence 404(b).  A court may admit evidence of a prior

14   bad act if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based

15   upon sufficient evidence; and (4) in cases where intent is at issue, is similar to the offense

16   charged.  *United States v. Robertson*, 15 F.3d 862, 870 (9th Cir. 1994), *rev'd on other*

17   *grounds*, 514 U.S. 669 (1995).  The Government contends that the conviction is relevant to

18   whether the Defendant knowingly possessed the gun found in the backpack.

19          However, the Government fails to specify how evidence of the prior conviction will

20   show knowledge, intent, and absence of mistake.  The case cited by the Government to

21   make this point is easily distinguished from the instant case.  In *United States v. Bibo-*

22   *Rodriguez*, 922 F.2d 1398 (9th Cir. 1991), the defendant transported drugs across the

23   border in a somewhat unusual way – in the door panel of a car – in both occasions.  Here,

24   the Government has not offered argument that the Defendant has a pattern of putting guns

25   in backpacks during burglaries such that doing so in the instant case would make it more

26   likely than not that the Defendant knowingly possessed the gun.

27          Furthermore, there is a great likelihood of prejudice from introducing a conviction

28   of the exact same crime being tried in the instant case.  If the Court were to admit the

United States District Court
Northern District of California

13

1    evidence, it would be driving the jury toward the exact inference that Federal Rule of

2    Evidence 404(b) means to avoid: that Defendant probably acted in conformity with this

3    previous bad act because he had a propensity to possess firearms while being a felon.  *See*

4    Fed. R. Evid. 404(a)(1).

5         For these reasons, the Government's ninth motion *in limine* is DENIED, and

6    evidence of the 2010 felon in possession conviction is inadmissible under Federal Rule of

7    Evidence 404.[4]

8

## V.    Defendants' Statements are Admissible Non-Hearsay (Government's motion *in limine* No. 2)

11        The Government seeks to admit statements by the Defendant: namely, text

12   messages found in Defendant's cell phone and Defendant's statements in state court

13   pleading guilty to the May 2013 burglary.  Gov.'s Mot. at 4-6.  The Court analyzed the

14   relevance of Defendant's guilty plea, *supra* in Section II., in its analysis of the

15   Government's first motion *in limine*, and incorporates that analysis here.

16        Turning to the text messages, Defendant argues that the Government will be unable

17   to prove that it was the Defendant who sent the text messages due to the "portable nature"

18   of cell phones.   However, Defendant does not offer an alternate explanation, or evidence

19   thereof, of another person who may have sent the text messages.  The Court finds that the

20   Government's witness Sergeant Patrick Griffin will provide sufficient testimony to

21   authenticate the cell phone, and Defendant may, through proper cross-examination,

22   attempt to poke holes in the Government's evidence.

23        The Federal Rules define hearsay as a statement that "the declarant does not make

24   while testifying at the current trial or hearing" which "a party offers in evidence to prove

25   the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Hearsay is

26   _____

27   [4] The Court notes that this ruling does not apply to the possibility of Defendant's
     convictions being admitted as impeachment evidence under Federal Rule of Evidence 609,
28   discussed in more depth with regard to the Government's seventh motion *in limine, infra* at
     Section XVI.

United States District Court
Northern District of California

generally inadmissible.  Fed. R. Evid. 802.  However, under the definition in 801(c), out of court statements are not hearsay if they are used for a purpose other than proving the truth of what was asserted therein.  *See* Fed. R. Evid. 801(c).

Both the text messages and the guilty plea are Defendant's own admissions.  *See* Fed. R. Evid. 801(d)(2) (an opposing party's statement is not inadmissible hearsay).  For these reasons, the Government's second motion *in limine* is GRANTED, but the Court notes that the text messages are only admissible as to Count Three and the guilty plea is only admissible as to Counts One and Two.

## VI.   The Defense May Not Reference Punishment (Government's motion *in limine* No. 3)

The Government asks the Court to prohibit Defendant from making any reference to punishment to the jury.  Gov.'s Mot. at 6-7.  Defendant argues that this request is overbroad and unfairly prejudicial.  Def.'s Opp'n at 7-8.  "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of the verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992).  "[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994).  Accordingly, the Government's third motion *in limine* is GRANTED.  Defendant may not reference to the jury any punishment Mr. Farley has received or may receive in the future, directly or indirectly.

## VII.  The Defense May Not Speculate on the San Francisco District Attorney's Charging Decisions (Government's motion *in limine* No. 4)

The Government seeks an order prohibiting Defendant from questioning witnesses or making reference at trial to the District Attorney's decision to charge Defendant with only certain counts at a particular time and to resolve some counts by plea agreement but not others.  Gov.'s Mot. at 8.  Federal Rule of Evidence 403 allows the Court to exclude

evidence if its probative value is substantially outweighed by a danger of misleading the jury.  Here, the jury would be misled by speculation as to the District Attorney's decisions, which are irrelevant to the issues at trial.  Defendant also does not oppose this motion, but contends that he should be free to introduce "evidence from the record regarding the procedural history of the complaint, his arrest, and his ultimate conviction."  Def.'s Opp'n at 8.  The Court will consider such evidence's relevance if and when necessary at trial.  Therefore, the Court GRANTS the Government's fourth motion *in limine* as unopposed.

**VIII.   Government Witnesses That Are Not Designated Case Agents Are Excluded From the Courtroom (Defendant's motion *in limine* No. 3)**

Defendant seeks to exclude witnesses from the courtroom who are not designated as the Government's case agent.  The Court GRANTS this motion as unopposed.  However, Defendant further seeks an order that the Government call the case agent as a witness first.  The Court may exercise control over the "mode and order of examining witnesses and presenting evidence," Fed. R. Evid. 611(a); however, in doing so, the Court does not intend to "deprive the prosecution of the opportunity to present its own case without interference."  *United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012).

Therefore, Defendant's third motion *in limine* is GRANTED IN PART AND DENIED IN PART.  Witnesses who are not designated as the Government's case agent are excluded from the courtroom when they are not testifying, but the Government may call its witnesses in the order it pleases.

**IX.   The Court Will Not Issue a Blanket Subpoena on Government Witnesses (Defendant's motion *in limine* No. 6)**

Defendant seeks an order by this Court that any released government witnesses be considered under defense subpoena, citing Fed. R. Crim. P. 17(b) and the Sixth Amendment to the United States Constitution as the basis for the motion.  Def.'s Mot. at 14.  The Government opposes this motion, stating that it is willing to disclose the order of

United States District Court
Northern District of California

1   witnesses by 5:00 PM prior to each day of trial, and that Defendant has been provided with

2   a list of the Government's witnesses.  Gov.'s Opp'n at 8.

3        The Court notes that it is the practice of this Court that each evening, the Parties

4   must disclose witnesses and exhibits that will be used in trial next day.  Furthermore,

5   Federal Rule of Criminal Procedure 17(b) states that a subpoena must be issued if "the

6   defendant shows an ability to pay the witness's fees and *the necessity of the witness's*

7   *presence for an adequate defense.*  Fed. R. Crim. P. 17(b) (emphasis added).  Here,

8   Defendant has not shown the necessity for any specific witnesses to be subpoenaed; thus, a

9   blanket subpoena is not appropriate.

10       Accordingly, Defendant's sixth motion *in limine* is DENIED, but Defendant may

11  renew this motion as to specific witnesses as necessary, and the Court will rule

12  appropriately, considering the  necessity for an adequate defense as well as judicial

13  efficiency.

14

15  **X.     Impeachment of Law Enforcement Witnesses Will Be Considered on a Case-**

16  **        by-Case Basis (Government's motion *in limine* No. 5)**

17       The Government seeks to require some offer of proof and relevance regarding

18  impeachment based on alleged misconduct by law enforcement officers, prior to inquiring

19  about the alleged misconduct in front of the jury.  Gov.'s Mot. at 8.  Defendant opposes the

20  motion, stating that the Government did not explain why its own witnesses should be

21  treated differently than other witnesses in terms of impeachment.  Def.'s Opp'n at 9.

22       The Court need not consider the merits of this motion, because the Parties have

23  agreed to a solution.  At the pre-trial conference on November 2, 2015, the Court proposed

24  the following solution to the Parties: After the Government rests on direct of each law

25  enforcement witness, if Defendant contemplates impeachment of the witness, Defense

26  counsel will inform the Court and the Government will have the opportunity to make any

27  objections outside the presence of the jury.  Both sides stated that this solution would

28  work; therefore, the Court DENIES the Government's fifth motion *in limine* as moot.

**XI.     Neither Party May Use Discoverable Evidence Not Disclosed in Discovery**
**(Defendant's motion *in limine* No. 1)**

Defendant seeks to exclude admission of documents not yet produced in discovery, and to require the government to provide prompt written notice of its intention to use any discoverable evidence in its case-in-chief, pursuant to Fed. R. Crim. P. 16(d)(2). Def.'s Mot. at 6 (Docket No. 39).  The Government does not oppose this request, but requests that the order apply equally to the Parties.  Gov.'s Mot. at 2 (Docket No. 55).  Defendant also seeks to require the Government to provide "prompt written notice of its intention to use any discoverable evidence in its case-in-chief."  Def.'s Mot at 6.  The Government contends that the request is unclear in scope, and opposes it to the extent that Defendant may be seeking improper advance notice of the Government's trial strategy.  Gov.'s Mot. at 2.

It is this Court's practice to not allow any witnesses or documents to be presented to the jury without first having been admitted into evidence by the Court.  Therefore the Court GRANTS Defendant's first motion *in limine*, but notes that the prohibition on unadmitted evidence applies to both Parties, and the grant of this motion does not extend beyond witness and exhibit lists required by the Court's Order for Pretrial Preparation (Docket No. 24).

**XII.    Defendant Will Comply with the Federal Rules of Criminal Procedure**
**Regarding Affirmative Defenses (Government's motion *in limine* No. 8)**

The Government seeks to exclude any evidence or reference to affirmative defenses that have not been disclosed, and asks that the Court require Defendant to provide a specific evidentiary basis for any affirmative defense he intends to assert.  Gov.'s Mot. at 15.  Defendant acknowledges that the evidentiary and notice requirements of affirmative defenses are governed by the Federal Rules of Criminal Procedure, and that if Defendant intends to rely on an affirmative defense, he will comply with all requirements.  Therefore, the Government's eighth motion *in limine* is GRANTED as unopposed.

1  **XIII.  Both Sides Shall Abide by Federal Rule of Evidence 608(b) (Government's**

2  **motion *in limine* No. 6)**

3  The Government seeks a blanket exclusion of extrinsic impeachment evidence.

4  Gov.'s Mot. at 9-11.  While Federal Rule of Evidence 608(b) excludes extrinsic

5  impeachment evidence in some circumstances, it is not absolute.  For example, extrinsic

6  evidence can be used to show bias, or for impeachment by contradiction.  *Ellis v. Navarro*,

7  No. 07-5126-SBA-PR, 2012 WL 3580284, at \*2 (N.D. Cal. Aug. 17, 2012); *United States*

8  *v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).  Because the Government essentially

9  requests the Court to enforce a Federal Rule of Evidence in a way that erases its

10  exceptions, the Court DENIES the Government's sixth motion *in limine*.  Moreover, this

11  request is premature, as decisions about the admissibility of impeachment evidence depend

12  upon the context and nature of the proposed evidence.  The Court will therefore address

13  any proposed extrinsic impeachment evidence as it arises at trial.

14

15  **XIV.  All Government Experts Have Been Properly Noticed (Defendant's motion *in***

16  ***limine* No. 5)**

17  Defendant seeks an order from the Court excluding any future expert testimony for

18  which the Government does not provide timely notice and information.  Def.'s Mot. at 13-

19  14.  The Government contends that it has timely notified Defendant of all expert witnesses,

20  including three witnesses that it believes will provide lay, not expert, testimony (but

21  notified Defendant of these three witnesses out of an abundance of caution).  Gov.'s Opp'n

22  at 8.  Thus far, Defendant has not identified any experts that have not been timely

23  disclosed.  Accordingly, the Court DENIES Defendant's fifth motion *in limine* as moot.

24

25  **XV.  No Government Witnesses Have Testified Before the Grand Jury (Defendant's**

26  **motion *in limine* No. 4)**

27  Defendant seeks an order for the production of grand jury transcripts if a potential

28  witness is likely to have testified before the grand jury.  Def.'s Mot. at 12.  The Court notes

that the Government, as of now, does not intend to call any witnesses who have testified before the grand jury.  Gov.'s Opp'n at 7-8.  If a witness who has testified before the grand jury testifies in this case, then the Government is required by the Jencks Act to disclose any statements or reports in its possession.  18 U.S.C. § 3500(a).  However, this motion is premature.  Therefore, the Court DENIES Defendant's fourth motion *in limine* as moot, but will reconsider the motion outside the presence of the jury if the Government decides to call such a witness.

## XVI.  The Superseding Indictment Will Not Be Presented to the Jury (Defendant's motion *in limine* No. 7)

Defendant seeks to preclude the Government from presenting the superseding indictment to the jury.  Def.'s Mot. at 15.  However, the Government contends that they are not presenting the indictment as evidence.  Gov.'s Opp'n at 9.  Therefore, Defendant's seventh motion *in limine* is DENIED as moot.

## XVII. The Court Will Not Remind the Government of its Discovery Obligations (Defendant's motion *in limine* No. 8)

Defendant requests that the Court remind the Government of its continuing obligations to produce materials pursuant to *Henthorn, Brady, Giglio*, and the Jencks Act.  The Government is aware of its self-executing duty, and the Court finds such a "reminder" inappropriate for a motion *in limine*.  Therefore, Defendant's eighth motion *in limine* is DENIED.

## XVIII. The Government May Not Mention Gang Affiliation (Defendant's motion *in limine* No. 12)

Defendant seeks to preclude the Government from mentioning or introducing evidence of gangs or gang affiliation.  Def.'s Mot. at 24.  The Government contends that it does not intend to introduce any gang-related evidence, unless Defendant opens the door.

United States District Court
Northern District of California

Gov.'s Opp'n at 24.  Accordingly, the Court GRANTS Defendant's twelfth motion *in limine*, but adds that if at any point during the trial the Government believes that Defendant has opened the door and wishes to introduce gang-related evidence, the Government may raise this issue with the Court, and the Court will hear any objections by Defendant, outside the presence of the jury.

### XIX.   The Warrantless Search of Defendant's Cell Phone Was Valid (Defendant's motion *in limine* No. 10)

Defendant seeks to suppress the search of Defendant's cell phone which resulted in the discovery of the text messages between Defendant and the contact named "Poode." Defendant argues that the Government executed the search without a warrant, and that the search was conducted without a suspicion of wrongdoing as the basis.  Defendant contends that *Riley v. California*, 134 S.Ct. 2473 (2014), applies to this situation.  The *Riley* Court distinguished cell phones from other objects found on an arrestee's person because of the vast amount of information that is stored on a cell phone, holding that a warrant is normally needed to search cell phones, even when they are seized incident to arrest.  *Id.* at 2484-86.

Defendant acknowledges that a case in this District, *United States v. Martinez*, "declined to apply *Riley* to the warrantless search of a parolee's cell phone upon arrest," but noted that Defendant wishes to preserve the issue for further appellate review.  Def.'s Opp'n at 20 n.3 (citing *United States v. Martinez*, No. 23-00794-WHA, 2014 WL 3956677 (N.D. Cal. Aug. 12, 2014)).

Indeed, every federal court that has addressed the application of the parole search exception in the wake of Riley has found that the exception remains valid. *See United States v. Johnson*, 579 Fed.Appx. 920, 926 (11th Cir.2014) ("The recent Supreme Court case, Riley ... has no application to the instant case because here Johnson waived his Fourth Amendment rights as a condition of parole.") (unpublished); *United States v. Martinez*, No. 13–CR–00794–WHA, 2014 WL 3956677, at *3–4 (N.D.Cal. Aug. 12, 2014)

1   (concluding *Riley* was "inapplicable to [the defendant] because he was on parole and

2   subject to a parole search condition").  Additionally, the Ninth Circuit continues to

3   approve warrantless searches of parolees' cell phones even after Riley.  *See United States*

4   *v. Luna*, 602 Fed. Appx. 363, 365 (9th Cir. 2015) (holding warrantless search of parolee-

5   defendant's cell phone "was a constitutional parole search") (unpublished).

6          Therefore, the weight of authority supports this Court in finding that the warrantless

7   search of Defendant's cell phone was valid pursuant to Defendant's parole search

8   condition.  Defendant's tenth motion *in limine* is DENIED.  The Court notes, however, that

9   evidence pertaining to the search of the cell phone is only relevant under Federal Rule of

10  Evidence 401 as to Count Three.

11

12  **XX.    Text Messages from "Poode" Are Admissible Non-Hearsay (Defendant's**

13          **motion *in limine* No. 11)**

14         Defendant seeks to exclude from evidence text messages received on Defendant's

15  cell phone that were authored by the contact named "Poode."   Defendant acknowledges

16  that any texts authored by Defendant would be party opponent statements and thus not

17  hearsay under Fed. R. Evid. 801(d)(2), but Defendant contends that the text messages

18  authored by "Poode" are inadmissible hearsay evidence that does not fall under any

19  exception to the hearsay rule.  Def.'s Mot. at 24.

20         The Court finds that the text messages authored by "Poode" are admissible non-

21  hearsay, because they are not offered for the truth of the matter asserted therein.  For

22  purposes of the proof of the conspiracy, the jury need not believe or disbelieve the

23  statements by "Poode" that he was willing to participate in the sale or exchange of

24  firearms.  Rather, the text messages show the effect on Defendant – that he was engaging

25  in a conversation that may have amounted to conspiracy to deal firearms.  Furthermore, the

26  text messages are admissible non-hearsay if they are offered to give context to the

27  Defendant's statements, as the Government contends.  Gov's Opp'n at 22; *see United*

28  *States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Finally, the Rule of Completeness allows the admission of statements in their

2   entirety when only a portion of inextricably intertwined statements are introduced.  Fed. R.

3   Evid. 106; *United States v. Wilde*, 2015 U.S. Dist. LEXIS 4594, at *9 (N.D. Cal. Jan 13,

4   2015).  A text message conversation is clearly inextricably intertwined, and many of

5   Defendant's statements would be meaningless if the statements that immediately preceded

6   or followed his messages were not introduced.

7   For these reasons, Defendant's eleventh motion *in limine* is DENIED.  The Court

8   notes, however, that the text messages from "Poode" are only relevant, and therefore

9   admissible, as to Count Three.

10

11  **XXI.  Impeachment Evidence Against Defendant Will Be Considered If and When**

12  **Offered at Trial (Government's motion *in limine* No. 7)**

13  The Government asks the Court to allow Defendant's prior convictions to be used

14  against him as impeachment evidence if he testifies.  Gov.'s Mot. at 11-15.  Defendant

15  contends that the prejudicial effect of such evidence outweighs its probative value.  Def.'s

16  Opp'n at 10-12.  The Parties are stipulating to the fact of Defendant's status as a convicted

17  felon for the trial on Counts One and Two.

18  Federal Rule of Evidence 609 provides that in a felony prosecution in federal court,

19  evidence of a defendant's prior felony convictions "must be admitted … if the probative

20  value of the evidence outweighs its prejudicial effect."  Fed. R. Evid. 609(a)(1)(B).  Such

21  evidence can be admitted, regardless of whether it deals with truth telling, if it impeaches

22  the credibility of a testifying defendant and the conviction, or release from confinement for

23  the conviction, is not more than 10 years old.  Fed. R. Evid. 609(b).

24  In balancing the probative value of the prior conviction for impeachment purposes

25  with its prejudicial effect, a court considers five factors: (1) the impeachment value of the

26  prior crime; (2) the time of the conviction and the defendant's subsequent history; (3) the

27  similarity between the past crime and the charged crime; (4) the importance of the

28

United States District Court
Northern District of California

defendant's testimony; and (5) the centrality of the credibility issue. *See United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

As an initial matter, Defendant has not indicated whether or not he will testify. If Defendant does not testify, he cannot be impeached and this motion is moot. If Defendant does choose to testify, the Court cannot weigh *Hursh* factors four and five until that testimony is offered. Accordingly, the Government's seventh motion *in limine* is DENIED as premature. If Defendant does not testify, references to Defendant's criminal history will be limited to the stipulated facts. If Defendant does testify, however, the Court will determine the admissibility of Defendant's criminal history as impeachment evidence if and when it is offered at trial.

## XXII. The Court Defers Ruling on Government's Motion *in Limine* No. 10

At the November 2, 2015 pre-trial conference, the Court asked the Parties to meet and confer again to see if they could come to an agreement on which witnesses are experts as opposed to lay witnesses, and what portions of certain witnesses' testimony are expert as opposed to lay opinion testimony. The Parties will meet and confer and will inform the Court as to any agreement reached or on what issues the Parties are unable to reach agreement. Accordingly, this Court's ruling on Defendant's fifth motion *in limine* is DEFERRED until the Court is informed of the outcome of the Parties' meeting.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the Parties' motions *in limine* as follows:

1. Defendant's Motion in Limine No. 1 is GRANTED.

2. Defendant's Motion in Limine No. 2 is GRANTED IN PART AND DENIED IN PART.

3. Defendant's Motion in Limine No. 3 is GRANTED IN PART AND DENIED IN PART.

4.  Defendant's Motion in Limine No. 4 is DENIED.

5.  Defendant's Motion in Limine No. 5 is DENIED.

6.  Defendant's Motion in Limine No. 6 is DENIED.

7.  Defendant's Motion in Limine No. 7 is DENIED.

8.  Defendant's Motion in Limine No. 8 is DENIED.

9.  Defendant's Motion in Limine No. 9 is GRANTED.

10. Defendant's Motion in Limine No. 10 is DENIED.

11. Defendant's Motion in Limine No. 11 is DENIED.

12. Defendant's Motion in Limine No. 12 is GRANTED.

13. Government's Motion in Limine No. 1 is GRANTED.

14. Government's Motion in Limine No. 2 is GRANTED.

15. Government's Motion in Limine No. 3 is GRANTED.

16. Government's Motion in Limine No. 4 is GRANTED.

17. Government's Motion in Limine No. 5 is DENIED.

18. Government's Motion in Limine No. 6 is DENIED.

19. Government's Motion in Limine No. 7 is DENIED.

20. Government's Motion in Limine No. 8 is GRANTED.

21. Government's Motion in Limine No. 9 is DENIED.

22. Government's Motion in Limine No. 10 is DEFERRED.

**IT IS SO ORDERED.**

Dated:   11/09/15

THELTON E. HENDERSON
United States District Judge